FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 21, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JACK R., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY <br><br> Defendant. | No. 1:20-CV-03087-JTR <br><br> ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 16, 18. Attorney D. James Tree represents Jack R. (Plaintiff); Special Assistant United States Attorney Alexis Toma represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS IN PART** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 1

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income on January 28, 2017, alleging disability since December 31, 2014,[1] due to a back injury. Tr. 66. The application was denied initially and upon reconsideration. Tr. 91-94, 101-06. Administrative Law Judge (ALJ) Rudy Murgo held a hearing on March 14, 2019, Tr. 38-64, and issued an unfavorable decision on April 4, 2019, Tr. 15-27. Plaintiff requested review from the Appeals Council. Tr. 146-49. The Appeals Council denied Plaintiff's request for review on April 24, 2020. Tr. 1-5. The ALJ's April 2019 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on June 22, 2020. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1973 and was 43 years old when he filed his application. Tr. 25. He has a marginal education and has worked primarily in scrap metal. Tr. 44, 277, 738. His treating providers have opined he wore his back out by performing heavy labor. Tr. 238, 240.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at

---

[1] Plaintiff later amended his alleged onset date to the protected filing date, January 28, 2017, for administrative purposes. Tr. 40.

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 2

1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

**SEQUENTIAL EVALUATION PROCESS**

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

///

## ADMINISTRATIVE FINDINGS

On April 4, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since January 28, 2017. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairment: degenerative disc disease. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 20.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform light exertion level work with the following limitations:

> He can occasionally push and pull. He can occasionally climb stairs and ramps, but cannot climb ladders, ropes, or scaffolds. He can occasionally stoop, crouch, and crawl. He must avoid concentrated exposure to heights, hazards, and heavy equipment. He requires a sit/stand option.

Tr. 20.

At step four, the ALJ found Plaintiff had no past relevant work. Tr. 25.

At step five the ALJ found, considering Plaintiff's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, specifically identifying the representative occupations of cashier II, agricultural produce sorter, and assembly production worker. Tr. 26.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 27.

///

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) not properly assessing Listing 1.04A; (2) improperly assessing Plaintiff's testimony; and (3) not properly assessing the opinion evidence.

## DISCUSSION

### 1.     Listing 1.04A

Plaintiff argues the ALJ erred in making inadequate step three findings. ECF No. 16 at 4-7. He asserts the ALJ failed to specifically address the elements of the listing and discuss the evidence, which shows each of the elements of Listing 1.04A are met. *Id.*

At step three of the sequential evaluation process, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations. 20 C.F.R. § 416.920(a)(4)(iii). Each Listing sets forth the "symptoms, signs, and laboratory findings" which must be established for a claimant's impairment to meet the Listing. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). If a claimant's condition meets or equals a Listing, the claimant is considered disabled without further inquiry. 20 C.F.R. § 416.920(d).

Listing 1.04 concerns disorders of the spine, and is met when the evidence shows:

> compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness)

accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)

20 C.F.R. Part 404, Subpart P, Appendix 1, §1.04A.

The ALJ found Plaintiff's conditions did not meet or equal any listed impairment. Tr. 20. He stated: "As described in detail below, the record does not show degenerative disc disease has caused compromise of a nerve root including the cauda equina with evidence of nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis resulting in pseudoclaudication." *Id.*[2] In the discussion of the medical evidence, the ALJ noted the imaging and various other objective findings regarding Plaintiff's spinal condition, but did not specifically elaborate as to why the findings did not satisfy the criteria of Listing 1.04A. Tr. 22-25.

The Court finds the ALJ's analysis is insufficient. It appears to the Court that the requirements of Listing 1.04A are satisfied. Imaging shows multilevel disc protrusion, narrowing of the left and right neural foramen, bilateral foraminal stenosis, and narrowing of multilevel disc spaces, demonstrating compromise of the spinal cord. Tr. 264. The record contains documentation of the four required categories of evidence that characterize nerve root compression. Associated neuro-anatomic distribution of pain is documented by multiple providers noting radiation of pain into his legs, with Dr. Atteberry describing it as an L5 distribution on the right and S1 on the left. Tr. 237, 258, 550. Plaintiff has demonstrated limitations in the motion of his spine, Tr. 238, 457, 550, 679, along with muscle weakness and sensory and reflex loss. Tr. 237, 251, 253, 256, 259, 301, 550. He has had positive

---

[2] Spinal arachnoiditis and lumbar spinal stenosis resulting in pseudoclaudication are requirements for meeting parts B and C of Listing 1.04. Plaintiff has not asserted his condition meets or equals these listings, and thus they will not be addressed here.

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 6

1  straight-leg raising tests. Tr. 238, 735. It therefore appears on the record that each
2  of the factors characterizing nerve root compression are present.
3        Defendant asserts the ALJ specifically and properly determined that Plaintiff
4  did not show his degenerative disc disease compromised a nerve root or show
5  evidence of nerve root compression, arguing the treatment notes make no mention
6  of nerve root compromise or compression. ECF No. 18 at 4. However, the records
7  cited above appear to show otherwise. The ALJ's conclusory statement that the
8  record does not contain evidence of listing-level severity is not supported by
9  substantial evidence. "An ALJ must evaluate the relevant evidence before
10 concluding that a claimant's impairments do not meet or equal a listed impairment.
11 A boilerplate finding is insufficient to support a conclusion that a claimant's
12 impairment" does not meet or equal a listed impairment. *Lewis v. Apfel*, 236 F.3d
13 503, 512 (9th Cir. 2001).
14       Plaintiff encourages this Court to remand the claim for an immediate
15 calculation of benefits. However, the Court finds that further proceedings are
16 needed to properly evaluate whether the identified evidence reaches listing-level
17 severity, and if so, whether the durational requirement was met and what the
18 appropriate onset date of disability would be. If necessary, the ALJ should call on a
19 medical expert to assist in answering these questions.
20 **2.   Plaintiff's subjective statements**
21       Plaintiff contends the ALJ erred by improperly rejecting his subjective
22 statements. ECF No. 16 at 7-13.
23       It is the province of the ALJ to make determinations regarding a claimant's
24 subjective reports. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).
25 However, the ALJ's findings must be supported by specific, cogent reasons.
26 *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant
27 produces medical evidence of an underlying medical impairment, the ALJ may not
28 discredit testimony as to the severity of an impairment merely because it is

unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 22. The ALJ found Plaintiff had made inconsistent statements regarding his activities and that objective findings did not support an inability to sustain fulltime work activity. Tr. 23, 25.[3]

As this claim is being remanded for further proceedings, the ALJ shall also reconsider the reliability of Plaintiff's allegations.

**3.    Opinion evidence**

Plaintiff asserts the ALJ improperly assessed the medical opinions, including giving insufficient reasons for rejecting Dr. Armending and ARNP Nelson, and giving undue weight to state agency reviewing source Dr. Tauson. ECF No. 16 at 13-21.

*a. Dr. Armending*

---

[3] The ALJ additionally noted Plaintiff's use of marijuana and his "poor motivation to participate in treatment," but did not clearly link these factors to the reliability of Plaintiff's subjective reports. Tr. 25.

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 8

Plaintiff argues the ALJ erred in his analysis of Dr. Armending's opinion. ECF No. 16 at 14-17.

Plaintiff's treating doctor, Dr. Armending, completed a medical source statement on January 9, 2019. Tr. 765-66. He stated Plaintiff's diagnoses included chronic low back pain with bilateral sciatica, lumbar foraminal stenosis, and bulging lumbar discs, and stated Plaintiff would need to lie down for 1-2 hours due to back pain, but not every day. Tr. 765. He further stated that manual labor with heavy lifting, twisting, and bending would worsen Plaintiff's condition, but that he would be okay for desk work and/or low impact work. Tr. 766. He added that Plaintiff would be expected to miss four or more days of work from a manual labor job, but that he would not expect Plaintiff to miss days from a desk job. *Id.*

The ALJ gave Dr. Armending's opinion partial weight, interpreting the opinion as stating Plaintiff could not do labor but could perform light work. Tr. 25.

Plaintiff argues the ALJ erred in interpreting the opinion this way, asserting that the only reasonable meaning of "desk job" is one seated at a desk, and thus in the sedentary category. ECF No. 16 at 16-17. He further asserts the ALJ erred in not offering any specific reasons for rejecting the portion of the opinion commenting on Plaintiff's need to lie down for 1-2 hours at a time. *Id.* at 14. Defendant argues the ALJ's interpretation was reasonable, as the doctor clearly distinguished between two categories of work, heavy manual labor and lighter/desk work. ECF No. 18 at 11-12. Defendant further asserts the ALJ was not required to specifically address the doctor's comments about Plaintiff laying down because the doctor specifically said it would not be every day and did not state that it had to be during the workday. *Id.* at 11. Defendant argues that the entire opinion read in context indicates Plaintiff could perform light work. *Id.* at 12-13.

The Court finds the ALJ did not err. The ALJ's interpretation of Dr. Armending's opinion is reasonable in context, in that he distinguished between heavy manual labor and lighter, low impact or desk work, and found Plaintiff was

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 9

capable of performing the lighter kinds of work. Furthermore, because Dr. Armending did not quantify how frequently or when Plaintiff would need to lie down during the day, the Court finds no harm in the ALJ not offering specific reasons for omitting it from his discussion.

However, as this claim is being remanded for further consideration, the ALJ shall also reassess Dr. Armending's opinion as needed.

*b. ARNP Nelson*

Plaintiff argues the ALJ erred in rejecting the opinion from his treating ARNP, Rebecca Nelson. ECF No. 16 at 17-19.

Nurse Nelson completed a DSHS form certifying that Plaintiff had lumbar stenosis and foraminal stenosis that prevented him from participating in work or work preparation activities for any hours during the work week. Tr. 287. She further commented that he was limited to sedentary exertional capacities. Tr. 288.

The ALJ gave this opinion little weight, finding it to be contradicted by Dr. Armending's opinion and unsupported by sufficient explanation. Tr. 24-25. The ALJ further found the opinion to be internally contradictory in limiting Plaintiff to sedentary work and no work in the same form. *Id.*

Plaintiff argues the ALJ erred in stating he preferred Dr. Armending's opinion because the ALJ improperly interpreted Dr. Armending's opinion as non-disabling, and he asserts the ALJ failed to consider Ms. Nelson's form in context with her supportive treatment notes. ECF No. 16 at 17-19. Plaintiff further argues the opinion is not internally inconsistent, as the designation of "sedentary" in the form referred to Plaintiff's exertional capabilities, but did not specifically state he was capable of performing a full-time sedentary job. ECF No. 16 at 19.  Defendant argues the ALJ reasonably found the opinion unsupported and internally inconsistent, and that the ALJ appropriately gave more weight to a treating provider with more experience. ECF No. 18 at 13-14.

///

The Court finds the ALJ did not err. An ALJ may discount the opinion of an "other source," such as a nurse practitioner, if they provide "reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). An opinion's consistency with other evidence and the amount of explanation offered by the source are both reasonable factors for an ALJ to consider. 20 C.F.R. § 416.1527(c). The ALJ reasonably pointed to the lack of explanation in Ms. Nelson's opinion as to how Plaintiff's conditions prevented him from working, and appropriately found the contradictory opinion from Dr. Armending to be more reliable.

However, on remand the ALJ will reconsider all of the evidence in issuing a new decision.

*c. State agency reviewer Dr. Tauson*

Plaintiff argues the ALJ erred in assigning significant weight to the state agency reviewing doctor's opinion, as it was inconsistent with the rest of the evidence in the record. ECF No. 16 at 19-21.

The Court finds the ALJ did not err and reasonably discussed the opinion and the evidence in support of it. However, as this claim is being remanded on other bases, the ALJ shall reconsider all of the medical opinions and prior administrative findings when issuing a new decision.

**CONCLUSION**

Plaintiff argues the ALJ's decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

On remand, the ALJ shall reevaluate the medical evidence, particularly as it relates to step three. The ALJ shall make new findings on each of the five steps in the sequential process, taking into consideration any other evidence or testimony relevant to Plaintiff's disability claim, and calling on the services of a medical expert if needed.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 18**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED May 21, 2021.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 12